694

## LOWDEN et al. v. McCLUNG.
### No. 10356.

Circuit Court of Appeals, Eighth Circuit.
Jan. 6, 1936.

Thos. S. Buzbee, H. T. Harrison, and A. S. Buzbee, all of Little Rock, Ark., for appellants.

Harry C. Steinberg and Walter L. Brown, both of El Dorado, Ark., for appellee.

Before GARDNER, WOODROUGH, and VAN VALKENBURGH, Circuit Judges.

GARDNER, Circuit Judge.

This is an action brought by appellee as plaintiff to recover damages for personal injuries suffered by him while alighting from a passenger car of the Chicago, Rock Island & Pacific Railway Company at Calion, Ark. Appellants are trustees of the Chicago, Rock Island & Pacific Railway Company. We shall refer to the parties as they appeared below.

It is alleged in the complaint that on the 26th of December, 1933, plaintiff entered the premises of the defendant railway company at Calion, Ark., and there purchased a ticket from the agent of the railway company from Calion, Ark., to Paragould, Ark., for his wife and three infant children; that prior thereto he had applied to the station agent concerning such ticket and was advised that the ticket would have to be secured from El Dorado, Ark., and sent out to the station agent at Calion; that having purchased and paid for such ticket, and as soon as he could secure the ticket after the arrival of the train, he proceeded at once to assist his wife and three minor children in boarding the train, carrying one of the children in his arm and carrying the baggage with his other hand; that his wife carried an infant child in one arm, and led the third child by the hand; that there was afforded no assistance or aid by the servants or employees of the railway company in placing his wife and children on said train; that upon getting them into the passenger car he found no seats for them, but left his wife standing in the aisle with the youngest child in her arms and the other two infants standing beside her; that he placed the baggage on the floor near the rear door and immediately proceeded to get off the train; that the defendants carelessly and negligently started the train in motion before he had descended from it, and negligently and carelessly failed to warn him that the train was to be set in motion, although the defendants and their servants and employees were aware, or should have been aware, of his presence on the train and of his intention to leave the same before it departed from Calion; that he was suddenly and violently thrown against the rear of the car and severely injured as he attempted to alight therefrom.

The answer is a specific denial of the allegations of the complaint and a plea of contributory negligence on the part of the plaintiff.

At the close of all the testimony, defendants moved for a directed verdict, which was denied, and the case was sent to the jury on instructions to which no exceptions were taken and of which no complaint is made in this court. The jury returned a verdict in favor of the plaintiff on all the issues, and from the judgment entered on the verdict the defendants prosecute this appeal.

The only question presented is that arising from the ruling of the court denying defendants' motion for a directed verdict. The question is further limited by the specific contention of appellants which is stated in their brief as follows: "It is appellants' contention that before they can be held liable for any injuries appellee may have sustained, it was incumbent upon appellee to show that the agent in charge of appellants' train had either actual or constructive notice of not only his presence upon the train but his intention to alight therefrom and that he failed to do so."

While the instructions are not excepted to, it is proper to refer to them to ascertain what issues of fact were passed upon by the jury. The court in its instructions, among other things, told the jury that:

"If the plaintiff, Monroe McClung, went upon the motor coach of the defendant to assist his wife and children in boarding said train, it was the duty of the defendant, Railroad Company, to exercise ordinary care not to negligently injure the plaintiff, and if you find that he was upon said coach with the knowledge of those operating and in charge of said train and that the defendant failed to exercise ordinary care for his safety and he was negligently injured by the defendants, without fault or carelessness upon his part, then he would be entitled to recover. * * *

"You are instructed that if you find from a preponderance of the testimony that the plaintiff went upon the train to render necessary assistance to his wife and children, who were passengers thereon, and that if you should find that such action upon his part was in conformity to a common practice in that station, approved or acquiesced in by the defendant and for its advantage, and that if you should find that there was an implied invitation to the plaintiff to go upon the train to assist his wife and children, then you are instructed that plaintiff had a right to go upon the train to render the assistance to his wife and children, and leave the car, and if you further find that the defendant had knowledge of his purpose, and that the defendant was negligent in the manner alleged in the complaint, then you are instructed to find for the plaintiff, unless you further find that the plaintiff was negligent himself in alighting from the train, at the time, place and in the manner in which he did, and such negligence upon his part contributed to his injury.

"You are instructed that the burden is on the plaintiff to show by a preponderance of the testimony that when the motor car of the defendants was started at Calion, Arkansas, on the date complained of, plaintiff was on the motor car and that defendant's servants in charge of the motor car knew he was on the motor car and that he intended to get off the car before it started and that he was injured by reason of the starting of the motor car and unless he discharges that burden, your verdict must be for the defendant."

In view of the jury's verdict, we must assume that all controverted issues of fact were determined in favor of the plaintiff. So viewed, we think it may be said that the jury might properly have found from substantial evidence that the plaintiff, on the 25th of December, 1933, advised the agent of the defendants at Calion, Ark., of his desire to purchase a ticket for his wife from Calion to Paragould, the latter station not being on the lines of the Chicago, Rock Island & Pacific Railway Company; that he was informed by the ticket agent that it would be necessary to secure such ticket from El Dorado, and the agent accordingly ordered such ticket from El Dorado. The ticket was sent from El Dorado with the conductor of the train which arrived from El Dorado on the 26th of December, and the conductor in turn gave it to the station agent who then delivered it to plaintiff who had theretofore paid the regular fare therefor. The station agent knew that the ticket was for plaintiff's wife; that she was there with three children, the eldest of which was four years of age and the youngest eighteen months. As soon as plaintiff could get his ticket, he at once proceeded to assist his wife and children in boarding the train. He carried one of the children in one arm, and carried his wife's baggage in the other hand. His wife carried one child and led the other. As soon as he placed them on the train, and even before

finding accommodations for them, he transferred the child which he was carrying to the arms of his wife, dropped the baggage on the car floor, and started to get off the train. As he puts it: "I carried them into the aisle in the coach and come immediately off. I didn't kill any time there at all. Just as quick as I could get them on and get my baggage down, I come out."

The train stopped at the station about two minutes. The conductor in charge of the train gave the ticket to the station agent, who turned it over to plaintiff, and the conductor saw plaintiff and his wife and family get on the train, equipped with but one ticket, which he knew was for plaintiff's wife. A witness for plaintiff testified that the conductor told him that he saw the plaintiff take his family and place them on the train; that "he (the conductor) said he gave the ticket to Mr. Lovett (the station agent), and Mr. Lovett turned it over to them." Another witness for plaintiff testified with reference to the conductor: "I saw him (the conductor) squatting in the doorway of the baggage car looking back when Mr. McClung placed his family on the train. I had a conversation with him in the hallway this afternoon with Mr. Murphy. Mr. Gilbert (the conductor) in that conversation told me and Mr. Murphy that he watched and saw Mr. McClung take his family and place them on the train."

It was the customary practice at Calion, Ark., for friends or relatives to assist passengers in boarding trains, and both the conductor in charge of the train and the station agent knew that the plaintiff was rendering such assistance to his wife and children on the occasion when he received his injuries. Was this sufficient evidence to warrant the court in submitting the issues to the jury?

█ It is observed that no complaint is made of the law as declared by the court in its instructions. The plaintiff entered the train to render necessary assistance to his wife, who was a passenger, and this was done in conformity with the approved practice acquiesced in by the defendants. This constituted an implied invitation to enter the train for that purpose. As we have already observed, the evidence was sufficient to warrant the jury in finding that the conductor knew that plaintiff was on the train for that purpose, and that he did not himself intend to become a passenger. Plaintiff testified that he heard no warning or notice that the train was about to start, but even if he had done so, he was, we think, under the evidence in this case entitled to a reasonable time in which to render the necessary assistance to his wife and children, and a reasonable opportunity to leave the train before it started. It must be borne in mind that the jury was warranted in finding, and presumably did find, that the conductor in charge of the train had knowledge of plaintiff's presence on the train, that he was not a passenger, and that he intended to alight therefrom.

Under the law as declared by the court in its instructions, the correctness of which defendants concede, we are of the view that there is substantial evidence to sustain the verdict, and there was, therefore, no error in denying defendants' motion for a directed verdict.

The judgment appealed from is affirmed.